UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OLD RELIABLE WHOLESALE, INC., | Case No. 5:06-cv-02389-DDD |
| Plaintiff, | Judge: Dowd |
| v. | |
| CORNELL CORPORATION, | **DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)** |
| Defendant. | |

Pursuant to the Court's Order of March 12, 2008 and Local Rule 37.1(a)(3), Defendant Cornell Corporation ("Cornell") submits this informal position statement in a preliminary effort to avoid a formal motion to compel discovery responses from Plaintiff Old Reliable Wholesale, Inc. ("ORW").

## PROCEDURAL BACKGROUND

The Court's Scheduling Order of December 21, 1007 set a discovery cutoff date of March 7, 2008 in the above-caption litigation. Motions for summary judgment were to be filed simultaneously by the parties on March 28, 2008. On March 7, 2008 (Friday), ORW e-mailed its Responses to Cornell's Second Set of Requests for Admission. After reviewing ORW's responses, Cornell sent correspondence to ORW on March 10, 2008 (Monday), raising a number of issues relative to the objections asserted by ORW and the sufficiency of the responses. ORW's counsel responded in writing on March 11, 2008, declining to withdraw its objections or otherwise respond to 45 requests for admission. As it appeared a legitimate dispute existed as to the sufficiency of ORW's discovery responses, Cornell filed a request for a telephone conference under Local Rule 37.1.

Page 2 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

Although no telephone conference could be scheduled, the Court issued an Order on March 12, 2008, indicating that the parties were granted until March 28, 2008 to submit in writing the nature of the discovery dispute and their respective positions.

## **NATURE OF DISCOVERY DISPUTE**

On March 10, 2008, Cornell's attorneys sent correspondence to ORW's attorneys, the body of which correspondence reads as follows:

Dear Eric and Shannon:

We received Old Reliable Wholesale, Inc.'s Responses to Defendant's Second Set of Requests for Admissions. Our review of its 65 pages leads us to conclude that ORW is not engaging in discovery in good faith. The responsive document includes the same 17-line objection at least 45 times, each time without any responsive admission or denial.[1] Likewise, the document contains numerous responses that do not fairly meet the substance of the requested matter but rather choose to admit or deny a matter different from the one expressly stated in the request.

We believe many of the responses violate both the express provisions of Rule 36, not to mention the spirit of disclosure in which discovery is intended to occur in federal court. We had hoped to avoid a discovery motion in this case, and it appeared we would be able to avoid that step until recently.

Pursuant to Rule 37(a)(1) and its good faith discussion requirement, we request supplementation of responses to the following:

| REQUESTS | DEFICIENCY IN RESPONSE |
| --- | --- |
| Requests 25-36; 58-71; 92-110 | Improper objection; no admission or denial provided. |
| Requests 72-73; 75 | Improper objection. |
| Request 37 | No admission or denial provided; response ignores deposition testimony of Neil Goodall and Richard Dauphinais. |

---

[1] Additional identical objections were also interposed in response to Requests 72, 73 and 75, but responses were interposed subject to the improper objection.

Page 3 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

| | |
|---|---|
| Requests 38-40 | Improper objection; denial does not fairly respond to the substance of the matter. |
| Requests 44-46; 49-57; 76-79; 115-120 | Response does not fairly respond to the substance of the matter. |
| Request 48 | Response ignores evidence produced during discovery, including the deposition testimony of Neil Goodall. |

As we are operating within a limited timeframe for the resolution of discovery disputes, we request such supplementation by the end of the day tomorrow, March 11, 2008. If supplementation is not received by that time or if you do not anticipate supplementation of discovery by that time, we are requesting your availability for a phone conference with the Court tomorrow or Wednesday, March 12, 2008. As you know, this phone conference is a prerequisite to filing a discovery motion, and we would hope that some headway could be made during the phone conference so that no formal motion would be necessary.

Please call me if you'd like to discuss this discovery issue further or if you wish to engage in other good faith efforts to resolve this dispute.

(Cornell ltr. to ORW, March 10, 2008.) ORW responded through correspondence dated March 11, 2008. In that letter, ORW made clear that it would not be withdrawing its objections or supplementing its discovery responses.

## **CORNELL'S POSITION**

As the Court is aware, ORW has asserted patent infringement claims against Cornell in this litigation. Cornell's defense and discovery have centered on the invalidity of United States Patent No. 5,069,950 ("'950 patent"). Simply put, Cornell's contention in this case is that its own product (original Vent-Top ThermaCal), alone, or in combination with other prior art, pre-dates and invalidates the patent-in-suit. As such, discovery has proceeded along these contours, with Cornell attempting to narrow the issues for summary judgment accordingly. For example,

Page 4 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

Cornell asked that ORW admit that the "the invention of claim 1 of the '950 patent allows air circulation between the insulation layer and the protective top layer,"[2] and that "'said blocks defining therebetween a network of interconnected channels at the same level for horizontal venting of water vapor' claimed in the '950 patent are vent passage means providing cross passages to afford communication between adjacent passages."[3] These requests, and 43 others, were not answered by ORW. Rather, ORW interposed the same 17-line objection[4] to these and other requests. The objection reads as follows:

> RESPONSE: ORW objects to this Request as vague and ambiguous and involving legal analysis and conclusion. *E.g., In re K-DUR Antitrust Litigation*, 2007 U.S. Dist LEXIS 96066, *55 (D.N.J. 2007) ("A party is not required to respond to a request that contains vague and ambiguous statements. . .It is not the Respondent's obligation to assume the scope of the request.); *Phillips M. Adams & Associates v. Dell Inc.,* 2007 U.S. Dist. LEXIS 3914 at *10 (D. Utah 2007); *Pittway Corp. v. Fyrnatics*, 1992 U.S. Dist. LEXIS 12172 at *34-37 (N.D. Ill. 1992); *Golden Valley Microwave Foods, Inc. v. Weaver*, 130 F.R.D. 92, 96 (N.D. Ind. 1999). ORW further objects to the Request as stating "a bit of truth" out of context which requires the answering party to qualify the response, rather than requesting an admission directed to simple and "limited to singularly relevant facts" that can be admitted or denied without explanation. *Moore v. Rees,* 2007 U.S. Dist LEXIS 23844 at *49 (E.D. Ky. 2007). Finally, ORW objects to this request as seeking an admission of a purely legal matter, namely construction of terms within the claims of the '950 patent. The Court has already issued its claim construction. Cornell's attempt to reopen claim construction of terms that it failed to timely raise within its claim construction brief is an improper attempt to solicit a purely legal conclusion from ORW. *See, Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 1 (D.D.C. 2006).

(Old Reliable Wholesale Inc.'s Responses to Defendant's Second Set of Requests for Admission.) ("17-line objection").

---

[2] Request for Admission No. 92.
[3] Request for Admission No. 99.
[4] The original objection encompasses 17 lines.

Page 5 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

ORW asserted the foregoing objection a total of 48 times, only three of which included an admission or denial of the request.

In accordance with Local Rule 37.1(a)(3), Cornell will not present its full analysis of the foregoing objection at this time. However, Cornell would note that on its face, the above-referenced objection contains numerous citations to unreported decisions, half of which are not patent cases, and all of which, are cited in support of generalized, non-specific objections.

In support of its boilerplate "vague and ambiguous" objection, ORW quoted from *In re K-Dur Antitrust Litig*. However, that case also includes the following caution:

> An objection that does not quantify the nature of the vagueness or ambiguity is worthless. 1995 U.S. Dist. LEXIS 7934, [WL] at *3 ("[Objections] that appear to be nonspecific, evasive [and] ambiguous…are impermissible and must be amended"). With respect to Request Nos. 54 and 119, it is not clear what about the respective Requests is "vague" or "ambiguous" and Schering makes no attempt to articulate the same. Absent this specificity, this objection, as stated, is improper.

*In re K-Dur Antitrust Litig*., 2007 U.S. Dist. LEXIS 96066, *104-105 (D.N.J. 2007). Here, ORW simply objects to 48 requests, stating generally that the requests are vague and ambiguous. Problematically, ORW fails to articulate *how* or *why* it believes the requests so offend.

For its proposition that Cornell is improperly requesting a "bit of truth" in 48 requests for admissions, ORW cites a lethal injection case in which a death row inmate served 298 requests for admission, including a number of objectionable requests that the Court described as "steeped in connotation and meaning far beyond the bare factual information in which they are couched." *Moore v. Rees*, 2007 U.S. Dist. LEXIS 23844, *48 (E.D. Ky. 2007). For its proposition that Cornell is improperly attempting to reopen the claims construction phase of the litigation, ORW cites an accurate, yet inapplicable, general discovery rule in an Americans with Disabilities Act

Page 6 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

case, not a patent case. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006). At bottom, Cornell's position is that the 17-line objection asserted by ORW is improper and should be overruled under Rule 36(a)(6) of the Federal Rules of Civil Procedure.

In large part, ORW's requests for admission to Cornell followed the same basic format as those ORW deemed objectionable.[5] However, rather than asserting lengthy, non-specific objections, Cornell responded appropriately, providing qualification where appropriate, while attempting to fully meet the substance of ORW's requests.

## CONCLUSION

Cornell again requests guidance from the Court in the form of a telephone conference so that a formal discovery motion may be avoided. However, summary judgment will be based, in part, on discovery, including ORW's admissions. Fed. R. Civ. P. 56(c). Additionally, a pre-trial

---

[5] For example, ORW's requests for admission to Cornell included the following:

    **ADMISSION REQUEST NO. 74:** Admit that the Vent-Top ThermaCal X1 product includes a cellular foam insulation board.

    **ADMISSION REQUEST NO. 75:** Admit that based on the Court's construction of the claims, the blocks of the Vent-Top ThermaCal 1 are "integral" with the rigid foam insulation board.

    **ADMISSION REQUEST NO. 76:** Admit that based on the Court's construction of the claims, the blocks of the Vent-Top ThermaCal X1 are "integral" with the extruded polystyrene insulation board.

    **ADMISSION REQUEST NO. 77:** Admit that based on the Court's construction of the claims, the oriented strand board of the Vent-Top ThermaCal 1 product is "adhered" to the tops of blocks.

    **ADMISSION REQUEST NO. 78:** Admit that based on the Court's construction of the claims, the oriented strand board of the Vent-Top ThermaCal X1 product is "adhered" to the tops of blocks.

(ORW's Requests for Admission (Set II) at 5-6.)

Page 7 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

determination of such objections is appropriate. Fed. R. Civ. P. 36(a)(6). If ORW does not withdraw its objections or respond to Cornell's requests for admission, Cornell requests leave to file a motion to compel, limited solely to 1) a ruling on the 17-line objection and 2) ORW's failure to provide responses to 45 requests for admission served by Cornell. (Requests 25-36; 58-71; and 92-110.)

Respectfully submitted,

Dated: March 28, 2008.   By:   s/ Matthew J. Schaap
Matthew J. Schaap, Minnesota Bar No. 0323421
Gary L. Huusko, Minnesota Bar No. 0150915
Robert B. Bauer, Minnesota Bar No. 0227365
**SEVERSON, SHELDON, DOUGHERTY & MOLENDA, P.A.**
7300 West 147 Street, Suite 600
Apple Valley, MN 55124
Phone: (952) 432-3136
Fax:    (952) 432-3780
schaapm@seversonsheldon.com
huuskog@seversonsheldon.com
bauerr@seversonsheldon.com

John M. Skeriotis, Ohio Bar No. 0069263
**BROUSE MCDOWELL**
388 S. Main St, Suite 500
Akron, OH 44311
Phone: (330) 535-5711
Fax:    (330) 253-8601
jms@brouse.com

*Attorneys for Defendant*

Page 8 of 8/DEFENDANT'S DISCOVERY POSITION STATEMENT PURSUANT TO LOCAL RULE 37.1(a)(3)

## CERTIFICATE OF SERVICE

    I hereby certify that on March 28, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            s/ Matthew J. Schaap
                                            One of the Attorneys for Defendant
                                            Cornell Corporation