DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Old Reliable Wholesale, Inc., | ) | |
| | ) | CASE NO. 5:06-CV-02389-DDD |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>Memorandum Opinion and Order</u> |
| | ) | |
| Cornell Corporation, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## I. INTRODUCTION

In this patent infringement case, a discovery dispute has arisen regarding Plaintiff Old

Reliable Wholesale, Inc.'s ("ORW") responses to Defendant Cornell Corporation's ("Cornell")

extensive Requests for Admission.  The parties, failing to resolve the issue on their own, have

requested the Court to intervene and settle the dispute.  Each party has submitted to the Court

statements of their discovery positions, which have now been reviewed.

Cornell provided ORW with 130 Requests for Admission pursuant to Rule 36 of the

Federal Rules of Civil Procedure ("FRCP").  ORW responded, raising the same boilerplate

objection forty-five times.  (Doc. 43-3.)  The dispute arises from Cornell's objections to ORW's

lengthy boilerplate responses (Doc. 42), which, in essence, state that the requested admissions

are "vague and ambiguous."  (*Id.*)  Cornell has also objected to several other responses as

insufficient under the FRCP.  (*Id.*)  ORW argues that Cornell is attempting to use these

admissions to lure ORW into narrowing the claim scope of its patent.  (Doc. 48.)  Despite the

exchange of several e-mails addressing this dispute, the parties have been unable to resolve their

(5:06-CV-2389)

differences.  Cornell thus asks this Court to find, specifically, that seventy-two of ORW's 130

responses were insufficient, and in general, that ORW is not engaging in discovery in good faith.

## II. APPLICABLE LAW

Rule 36(a) details the four acceptable answers to Requests for Admission.  Fed. R. Civ.

P. 36(a)(4)-(a)(5).  The responding party may: 1) admit; 2) deny; 3) assert a lack of knowledge,

despite reasonable inquiries to obtain such knowledge; or 4) object.  *Id.*  "If a matter is not

admitted, the answer must specifically deny it or *state in detail* why the answering party cannot

truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4) (emphasis added).  Further, all denials

"must fairly respond to the substance of the matter."  *Id.*  When a party wishes to object to a

request for admission, it must state the grounds for objection.  Fed. R. Civ. P. 36(a)(5).  "The

purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus

narrowing the range of issues for trial."  *Asea, Inc. v. Southern Pac. Transp. Co.*, 699 F.2d 1242,

1245 (9th Cir. 1981).  Efforts to circumvent the purpose of Rule 36(a) through evasive denials or

incomplete responses to admissions frustrates judicial economy and may result in Rule 37

sanctions.  *See* Fed. R. Civ. P. 37(c).

## III. SUFFICIENCY OF ORW'S RESPONSES

After reviewing, in detail, all of the disputed responses to Cornell's requests for

admission, the Court has identified four categories of deficiency in ORW's answers, and one

category in which ORW's responses are sufficient, despite Cornell's complaints.  Each category

will be addressed separately below.

2

(5:06-CV-2389)

A. Boilerplate Objections:

Requests 25-36, 58-71, and 92-110 were answered with ORW's lengthy, but largely non-descriptive, boilerplate objection.  The substance of the objection is that the requests for admission are "vague and ambiguous," and that they state bits of truth out of context, requiring qualified responses.  ORW argues that Cornell's requests present language designed to elicit admissions that would effectively narrow the scope of ORW's patent.  The substance of the requests do no such thing; in most instances, they use language directly from the patent itself. Further, even if Cornell's requests were improper, ORW's extensive use of a boilerplate objection constitutes a failure to comply with Rule 36(a).  "Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery."  *U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp.*, No. 1:05-CV-2492, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007).  The FRCP contemplates a harsh response, at the Court's discretion, for a failure to answer or satisfactorily object to a request – the Court may declare the request admitted.  Fed. R. Civ. P. 36(a)(3). However, such a harsh response is usually advanced only when it is clear to the Court that a party has "intentionally disregarded the obligations imposed by Rule 36(a)" 699 F.2d at 1247. Ordinarily, then, the district court will order an amended answer.  *Id.*  Here, the Court finds it likely that ordering an amended answer will result in further, unnecessary delay in the prosecution of this case, as ORW has made it clear that it denies these requests as attempting to narrow the scope of its patent.  In pursuit of avoiding any further delay of this case, the Court will construe ORW's boilerplate objections as denials to Cornell's requests for admission.

3

(5:06-CV-2389)

### B. Boilerplate Objections Including Answer:

In three of its responses, ORW repeated its boilerplate objections, but also included an answer.  After objecting to these requests as "vague and ambiguous," ORW admitted Request 72 and denied Requests 73 and 75.  Basically, ORW submits two responses to the same request, which is impermissible under Rule 36.  However, as ORW's boilerplate objection is ineffective as a response, the Court will allow its answers to these requests to stand.  Therefore, ORW is deemed to have admitted Request 72 and denied Requests 73 and 75.

### C. Answers that Fail to Address Request:

Sixteen of ORW's responses fail to address the request for admission.  In its responses to Requests 44-46 and 49-57, ORW uses evasive language that neither admits nor denies the request for admission.  For example, Request 50 states:

> Admit that the Universal Building Specialties PANOFLO Vented Nail Base Insulation product (PANOFLO) comprises a vent space above the insulating layer of thermally efficient phenolic foam.  For purposes of this Request for Admission, the PANOFLO product referenced is the same product as shown in Exhibit 2, attached hereto and made a part hereof by reference.

In response, ORW states: "ORW admits that Exhibit 2, which refers to the PANOFLO Vented Nail Base Insulation product, *states that* 'PANOFLO vented nail base insulation (VNBI) is manufactured using thermally efficient Koppers phenolic foam bonded, with ½" vent space to 7/16" waferboard'" (emphasis added).  ORW was asked to admit that the PANOFLO product comprises a specific configuration, as referenced by Exhibit 2.  Rather than either admitting or denying the request, ORW instead admits that Exhibit 2 "states that" the PANOFLO product comprises a specific design configuration.  Such a response avoids the issue.  Cornell already

4

(5:06-CV-2389)

knows what Exhibit 2 states; it provided the drawing.  Cornell sought either an admission or

denial that the PANOFLO product, in ORW's estimation, comprises the particular design

specification contained in Exhibit 2.  If ORW was unable to make such a determination based on

the information in its possession and a reasonable inquiry into unknown information, it should

have so stated.  Admitting what was not requested in an effort to dodge the request creates

confusion and frustration during the discovery process, and leads to needless Court intervention.

Further, in its responses to Requests 76-79, ORW qualifies its responses so as to make

them non-responsive.  For example, Request 76 states: "Admit that Cornell's Vent-Top

ThermaCal product is a composite insulated roof board."  ORW responded with: "Denied.

Cornell's Vent-Top ThermaCal product, as shown in Exhibit 3, is not a "composite insulated

roof board" structure *as recited in claim 1 of the '950 patent*" (emphasis added).  Cornell did not

seek a response regarding what is described in the patent, but rather a response as to its own

product.  Although at times "a responding party may qualify its answer to address any ambiguity

introduced by the proponent's statement to be admitted or denied, this should be the exception

and not the rule."  *Moore v. Rees*,  2007 U.S. Dist. WL 1035013, at *16 (E.D. Ky. 2007).

Generally, though, "[t]he admissions or denials must be forthright, specific, and unqualified."

*Southern Ry. Co. v. Crosby*, 201 F.2d 878, 880 (4th Cir. 1953).  ORW's qualified denials thus

fail to comply with Rule 36.

The Court orders ORW to amend its responses to Requests 44-46, 49-57, and 76-79 to

comply with Rule 36(a).

5

(5:06-CV-2389)

D. Answers that Might Ignore Deposition Testimony:

Cornell asserts that ORW's responses to Requests 37 and 48 ignore testimony obtained through deposition.  ORW, in response, argues that it considered the testimony and still failed to obtain sufficient information to truthfully respond to each request.  Along with its claim of insufficient knowledge, ORW reservedly admits Request 37.  The situation appears to be a matter of interpretation of the given testimony.  Therefore, the Court will construe both responses as denials of the requests.  However, as both requests seek admissions of straightforward information that could greatly impact the prosecution of this case, should ORW not prevail on these issues at trial, the Court may find its responses were not made in good faith and consider, in accordance with Rule 37(c)(2), awarding attorney fees to Cornell for its expenses in establishing these facts.

E. Cornell's Requests for Authentication:

In six of its Requests, ORW is asked to admit the authenticity of Cornell documents.  Not one of these documents was created by ORW, making it unlikely that ORW is in any position to accurately describe the documents' authenticity.  Further, authenticity can be established through direct testimony of those familiar with the documents.[1]  Therefore, the Court finds that ORW's responses to these requests are sufficient under the circumstances.

---

[1] The Court finds it curious that Cornell requests admissions from ORW regarding the authenticity of documents created by those without any affiliation to ORW.  Given the information ORW had and could reasonably obtain, its responses are sufficient.

6

(5:06-CV-2389)

### IV. CONCLUSION

In summary, the Court finds:

A) ORW's boilerplate objections (Requests 25-36, 58-71, and 92-110) shall be construed as denials of Cornell's requested admissions.

B) As to ORW's boilerplate objections that also include an answer, the Court shall allow ORW's answers to stand.  Thus, Request 72 is deemed admitted, and Requests 73 and 75 are deemed denied.

C) With respect to Requests 44-46, 49-57, and 76-79, the Court declares ORW's responses invalid under Rule 36 and hereby compels ORW to submit proper responses that address the requests.

D) Regarding ORW's responses that might or might not ignore testimony (Requests 37 and 48), the Court construes these responses as denials.

E) Finally, the Court finds that ORW's responses to Requests 115-120 were sufficient under the circumstances.

One final note regarding this dispute.  Discovery is meant to facilitate the exchange of information between parties so that they may most effectively prosecute or defend their cases. On occasion, a dispute over discovery will arise, and the parties are expected to make a good faith effort to resolve the dispute before involving the court.  Our overburdened system relies on counsel to privately handle discovery matters, and while it is recognized that good faith efforts will not always succeed, this Court does not believe the parties here exhausted their ability to resolve this dispute prior to requesting intervention.  Premature involvement in discovery matters

7

(5:06-CV-2389)

tries the Court's patience.  This Court would have counsel consider carefully the eloquent words

of Magistrate Judge Treece in a recent account of a similar discovery dispute: "Surely, judicial

and litigation economy and efficiency, the intended and vital purpose of Requests to Admit, were

not promoted by these parties.  A word to the wise to the parties: if this type of conduct persists,

sanctions will assuredly be pursued sua sponte."  *Henry v. Champlain Enters., Inc.*, 212 F.R.D.

73, 82 (N.D. N.Y. 2003).  If ORW's responses are determined not to have been made in good

faith, the Court may assess attorney fees.  It is this Court's hope that in the future, counsel will

be more accommodating with each other, and will exhaust all opportunities for resolution before

involving the Court.

In accordance with this Order, the Plaintiff is directed to file proper responses to

Requests 44-46, 49-57, and 76-79 no later than Friday, June 13th, 2008.

The delay in this case caused by the discovery dispute has necessitated a revision of the

dispositive motion schedule and rescheduling of the trial date.  Dispositive motions are now due

on July 11, 2008, responses are due by August 1, 2008, and replies by August 15, 2008.

The trial date is rescheduled on a standby basis for the two week period beginning

November 3, 2008.  A revised Trial Order will be separately published.

IT IS SO ORDERED.


 June 4, 2008                                        *S/ David D. Dowd, Jr.*
Date                                                  David D. Dowd, Jr.
                                                      U.S. District Judge

8